■ In the Matter of RENA D., Respondent, v HUIE L. R., Appellant, and PORTER D., Respondent. [674 NYS2d 104] —In a child support and paternity proceeding pursuant to Domestic Relations Law former article 3-A, Huie L. R. (Anonymous) appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Balkin, J.), dated May 21, 1997, as, upon reargument, adhered to the prior determination in an order entered April 4, 1997, dismissing the petition without prejudice, instead of with prejudice.

Ordered that the order dated May 21, 1997, is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order entered April 4, 1997, as dismissed the petition without prejudice is vacated, and the petition is dismissed with prejudice.

In this proceeding, the petitioner sought to establish that the appellant was the father of her child, although she was married to the respondent Porter D. when the child was conceived and remains married to him. DNA test results excluded the appellant as the biological father and the Family Court dismissed the petition without prejudice (*see*, Domestic Relations Law former § 37 [19]). Under the circumstances of this case, where there is a presumption of legitimacy, DNA testing excluded the appellant as the father of the child, the accuracy and reliability of the testing was not challenged, and there was no request for a hearing or offer of further evidence, the court should have dismissed the petition with prejudice. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.